(86 N. W. Rep. 867.)

---

### MATHIAS FABER *vs.* CHARLES WAGNER.

Opinion filed June 25, 1901.

**Fraudulent Conveyance—Assignment of Threshing Lien.**

The defendant was indebted to W. on account for threshing grain. W. perfected a statutory lien upon the grain threshed by him by filing a verified account with the register of deeds. Subsequently the account and lien were transferred to plaintiff by an assignment in writing executed by W., and delivered to plaintiff. The assignment of the account and lien were made without consideration, and with intent to defraud the creditors of W., and the plaintiff shared in such fraudulent intent. *Held,* that said transfer of the account and lien, while good as between the parties thereto, was fraudulent and void as to the execution creditors of W.

Execution Levy—Discharge of Lien.

> ˙ After said transfer was made, and delivered to the plaintiff, certain
> creditors of W. obtained judgments against him, and executions
> thereon were delivered to the sheriff for service, whereupon the
> sheriff duly levied upon the debt due from the defendant to W. on
> account of such threshing. After the levies were made, but before
> receiving notice of the transfer of the account and lien to the plain-
> tiff, the defendant paid over to the sheriff the entire amount of the
> debt due from defendant to W. on account of said threshing, taking a
> receipt therefor from the sheriff. The amount paid the sheriff was
> duly applied upon said execution. *Held*, that said transfer of the ac-
> count, being fraudulent and void as to creditors, did not operate to
> defeat the levy made upon the debt due W. for threshing. *Held*, fur-
> ther, that the payment to the sheriff, together with the sheriff's receipt
> therefor, operate as full payment of the debt, and are a sufficient dis-
> charge of the same under the provisions of § 5514, Rev. Codes 1895
> (Comp. Laws, § 5124.) *Held*, further, the debt having been lawfully
> and fully paid prior to the commencement of this action, plaintiff
> cannot recover.

Appeal from District Court, Ramsey County; *Morgan,* J.

Action by Mathias Faber against Charles Wagner. Judgment for defendant, and plaintiff appeals.

Affirmed.

*J. B. Eaton,* and *R. A. Eaton,* for appellant.

*John W. Maher,* for respondent.

WALLIN, C. J. The record in this action discloses the following facts: The action was brought to foreclose a threshing lien, and judgment was entered below dismissing the action, with costs, which judgment was preceded by findings of fact and conclusions of law filed by the trial court. No statement of the case was settled, but plaintiff has appealed to this court from the judgment, and such appeal brings up for consideration the judgment roll, embracing the pleadings, findings, and judgment; also an order denying plaintiff's application for judgment. Appellant's counsel assign error in this court upon the conclusion of law that the defendant is entitled to a judgment of dismissal, with costs. Counsel contend that the facts embraced in the findings do not warrant such conclusion. The findings of fact, briefly stated, are as follows: That the defendant, in the month of September, 1892, became indebted to one George F. Weiss in the sum of $165.35 for threshing grain, and that said Weiss, on September 29, 1892, filed a lien for said threshing in the office of the register of deeds of said county of Ramsey. That on or about October 4, 1892, the said Weiss made a written assignment of said account and thresher's lien to the plaintiff in this action, that prior to the commencement of this action and prior to receiving any notice of said assignment, the debt due from defendant to Weiss for said threshing was levied on in the hands of said defendant under executions issued on judgments obtained against Weiss by creditors of Weiss, which judgments were entered after the filing of said lien, and on October 7 and 8, 1892. The several judg-

ments aggregated a sum greater in amount than the debt due from defendant and secured by said thresher's lien. That said defendant immediately after the levy of the executions upon said debt paid over to the sheriff, who made the levy, a sum equal to the entire amount of his debt due to Weiss for said threshing and received a receipt from the sheriff showing the fact of such payment on said executions. That the amount so paid the sheriff has been applied on said executions. "That the said alleged assignment was without consideration, and made for the purpose of defrauding the creditors of said George F. Weiss, and that said plaintiff accepted said assignment knowing that said Weiss had such fraudulent intent. That the said defendant had no notice or knowledge, nor was he informed, of said assignment before he paid the money over to the sheriff aforesaid." The question presented upon the findings is whether the facts as found justified the conclusion of the trial court that defendant was entitled to a judgment dismissing the action. This question, in our opinion, should receive an affirmative answer.

The defendant pleads payment of the debt secured by the threshing lien which the plaintiff is seeking to foreclose. In effect, the payment of the debt is the sole defense pleaded by the defendant's answer. The transfer of the account being fraudulent as to the creditors of Weiss, the same in no wise prejudiced the rights of such creditors. When the sheriff levied upon the debt due from the defendant to Weiss for threshing, said debt was, as to such creditors, still a debt due and owing to Weiss, and as such the same was property belonging to Weiss, and therefore subject to levy under execution. See § 5507, Rev. Codes 1895 (Comp. Laws, § 5118). After such levy, an action could have been maintained by the sheriff against the defendant to recover the debt so levied upon. Section 5510, Rev. Codes 1895 (Comp. Laws, § 5120). But the defendant was not compelled to submit to the vexation of a lawsuit. It was his privilege, under the law, as applied to the facts found by the trial court, to pay over the amount of his debt to the sheriff, and thereby obtain a discharge of his obligation incurred for threshing the grain. He elected to do so, and accordingly paid over to the sheriff the entire amount due to Weiss on account of said threshing, and at the same time received a sheriff's receipt for such payment. The money so paid was applied upon the executions against Weiss under which the levies had been made upon the debt. Such payment extinguished the debt, under the provisions of § 5514, Rev. Codes 1895 (Comp. Laws, § 5124), which section reads as follows: "After the rendition of the judgment any person indebted to the defendant in execution may pay to the sheriff the amount of such indebtedness, or so much thereof as is necessary to satisfy the execution, and the sheriff's receipt shall be a sufficient discharge therefor." It follows—the defendant's debt having been paid in full to the execution debtor—that the lien, which was a mere incident to the debt, was extinguished, and ceased to have

any life or efficacy. When the debt was paid, the lien securing the debt disappeared as a necessary consequence of the discharge of the debt.

Counsel for appellant claim that, inasmuch as the creditors of Weiss are not parties to this action, and have no rights which can be affected by the result of the action, the transfer of the account and lien must be upheld as a good and valid assignment of the account and lien to this plaintiff. To this proposition we assent with the qualification that the assignment was valid only as between the parties to the assignment. But, as the plaintiff is not a good-faith purchaser of the account and lien, the transfer was void as to the creditors of Weiss, and, this being true, the debt, as against creditors, was never transferred to the plaintiff. Not having been transferred, the debt was subject to seizure on execution by the creditors of Weiss.

We have examined with care the other assignments of error found in the appellant's brief, and find that the same are untenable, and must, therefore, be overruled. None of them bear upon the merits of the controversy, nor are any of them of such a nature as to prejudice any substantial right of the appellant. Our conclusion is that the judgment of the trial court should be affirmed, and this court will so direct; all the judges concurring.

MORGAN, J., being disqualified, took no part in the decision; FISK, J., of the First Judicial District, sitting by request.